937 F.2d 624
 37 Cont.Cas.Fed. (CCH) 76,159
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CALIFORNIA SAND AND GRAVEL, INC., Hansen Basin Sand and
Gravel, Inc., Illinois-California Sand and Gravel,
Inc., and Recon Investments, Inc.,
Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 91-5026.
 United States Court of Appeals, Federal Circuit.
 June 27, 1991.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The judgment of the Claims Court dismissing the complaint of California Sand and Gravel, Inc., 22 Cl.Ct. 19 (1990), is affirmed.
 
 OPINION
 
 2
 On its face, condition 30 permits cancellation of the license with thirty days notice; Cheadle's April 10, 1984, termination letter met that requirement. Even if the first sentence of condition 30 placed an additional restriction on the Corps' freedom to terminate by requiring a flood control purpose, Col. Taylor's declaration supplied it, unrefuted by California Sand. He explained:
 
 
 3
 While relatively small amounts of sand and gravel were being removed by three of these licensees, the silt remained ... [and] I, as the District Engineer, determined that it would be in the public interest to again solicit proposals from the industry to remove silt as well as sand and gravel from the Hansen Dam Flood Control Basin. A large operation was contemplated which would also more quickly help restore the flood control capacity of the basin.
 
 
 4
 The trial court's purported finding that the licensees failed to perform adequately is irrelevant because as a matter of law the Corps could terminate the license under condition 30 here. This moots California Sand's argument that whether the Corps had "cause" for termination is an issue of material fact which was improperly decided by the Claims Court on summary judgment. Interpretation of the license is a matter of law which we review de novo. Reliance Insurance Co. v. United States, 931 F.2d 863, 865 (Fed.Cir.1991).
 
 
 5
 At argument, the government conceded that though the license did not require any reason for termination, the Corps' internal guidelines in Engineer Pamphlet 405-1-2, section IV, did place an additional restriction, voluntarily assumed, on its freedom to terminate. The guidelines require "sufficient justification" for terminating a license which includes "a reasonable need for the property by the United States." The Corps needed the basin unencumbered by nonexclusive licenses so it could offer the incentive of an exclusive license to attract a larger operation capable of removing more sediment from the basin and improving the basin's flood control capacity. This satisfies the requirement.
 
 
 6
 We do not address California Sand's estoppel argument because it was not raised in the Claims Court. Cedar Lumber, Inc. v. United States, 857 F.2d 765, 767 (Fed.Cir.1988).